FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>KRISTIAN GONZALEZ,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>CHIEF ORCHARDS ADMINISTRATIVE SERVICES, INC.,<br><br>Defendant. | No. 2:21-cv-03125-MKD<br><br>ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER<br><br>**ECF No. 26** |

Before the Court is the parties' Stipulated Motion for Protective Order, ECF No. 26. This Court finds good cause, under Federal Rule of Civil Procedure 26(c), to issue an order to protect certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 1

undue burden or expense.

**IT IS ORDERED:**

1. The parties Stipulated Motion for Protective Order, **ECF No. 26**, is

    **GRANTED.**

## PROTECTIVE ORDER

(1) The following categories of information produced by a party in discovery may be designated and treated as confidential in this litigation:

    (a) Social security and taxpayer-identification numbers;

    (b) Financial account numbers, bank statements, and personal financial information;

    (c) Credit card numbers;

    (d) Mother's maiden name;

    (e) Passwords;

    (f) Driver's license numbers or state identification numbers;

    (g) Dates of birth;

    (h) Home address and personal telephone numbers;

    (i) Names of minor children;

    (j) Medical, health care, and mental health records and information concerning any individual;

    (k) Tax forms;

    (l) Immigration status; and

    (m) Information that reveals trade secrets as defined by the Uniform Trade Secrets Act § 1(4), as amended (1985).

Documents that are available to the public may not be designated as Confidential Information.

(2) A party producing disclosures or discovery that contains information described in paragraph 1 that the party believes, in good faith, should be treated as

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 3

confidential in this litigation, may designate information contained within the disclosures or discovery as confidential as follows:

    (a)    Documents and tangible items: a party producing documents or tangible items in disclosures or discovery containing information that the party wants to be treated as confidential must place a legend stating "confidential" on each page or item that contains information that the party wants to be treated as confidential, and, upon request, shall provide a letter to the attorneys for the other Parties specifying what information in the document it wants to be treated as confidential and specifying one or more of the bases enumerated in paragraph 1 for confidential treatment;

    (b)    Deposition testimony: a Party that wants to treat a portion of deposition testimony as confidential must do so by stating on the record at the deposition that it wants to do so and by specifically identifying those portions of the testimony that it wants to be treated as confidential or must, within 15 days after receiving the transcript of the deposition, send a letter to the attorneys for the other Parties specifying those portions of the deposition testimony that it wants to be treated as confidential, and must specify one or more of the bases enumerated in paragraph 1 for confidential treatment; provided that if a Party or non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference;

    (c)    Only the specific information identified as "confidential" will be treated as confidential, and the rest of the information in a document, tangible item or deposition testimony will not be treated as confidential;

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 4

(d) If a party did not treat the information as confidential outside of this litigation, the party may not designate the information as confidential;

(e) Only information that a party produces in disclosures or discovery may be treated as confidential. Moreover, if the party receiving the information designated as confidential has obtained or obtains the information outside of disclosures or discovery in this lawsuit or from another person, the information obtained outside of the disclosures or discovery process or from another person will not be treated as confidential even if a different party has designated it as confidential.

(f) An inadvertent failure to designate confidential information or items does not, standing alone, waive a party's right to thereafter designate such information as confidential under this Stipulated Order. A party may correct an inadvertent failure to designate confidential information, and from that point in time it shall be protected in accordance with this Stipulated Order.

(3) The party who receives information designated as confidential under paragraphs 1 and 2 may, at any time, notify the party who requested the confidential treatment that it objects to the confidentiality designation. The objection must be in writing or stated on the record. The Parties will make good faith efforts to resolve any objection. The information designated as confidential will retain its status as confidential and will be treated as confidential for 10 days after the objection to permit the party seeking confidential status to bring a motion for a protective order. On any such motion, the party seeking confidential treatment will have the burden of establishing that the information is entitled to

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 5

confidential treatment under applicable law. If such motion is brought, the information will be treated as confidential until such time as the issue is resolved by the Court. If the party who requested the confidential treatment does not file a motion for a protective order within 10 days after a Party has objected to the confidential designation, the information will not be treated as confidential.

    (4)    Information that has been designated as confidential under this Order must be treated as confidential by the Parties and used only for the purposes of this litigation. Information that has been designated as confidential under this Order may only be disclosed by the Parties receiving the information to:

    (a)    Attorneys for the Parties and their agents and employees, including legal, secretarial, intern, paralegal, clerical, supervisory, support, and other staff;

    (b)    The Parties, including officers or managers of a Party who have a need to know the information for purposes of this litigation;

    (c)    Aggrieved individual(s) on whose behalf the EEOC seeks relief who have a need to know the information for purposes of this litigation and, if applicable, her/his/their attorney(s);

    (d)    Expert (testifying and consulting) witnesses;

    (e)    The Court and Court personnel;

    (f)    Court reporters and videographers involved in recording depositions and proceedings in this litigation;

    (g)    Individual(s) authorized by the Parties to conduct alternative dispute resolution, such as mediators or neutral evaluators;

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 6

      (h)    The author or recipient of the Document (not including a person who only received the document in the course of this litigation);

      (i)    Witness(es) identified by any Party to the litigation who have a need to know the information for purposes of this litigation and, if applicable, her/his/their attorney(s); and

      (j)    Any other individual a Party believes necessary to review such information to assist the Party in its presentation or defense of claims in the litigation.

(5)    A Party who has designated information as confidential under this Order may not use that designation as a reason for refusing to produce any information, documents, tangible items or testimony in this or in any other matter, including civil or criminal litigation, arbitration, administrative proceedings, or government investigation, regardless of whether such information, documents, tangible items or testimony is sought pursuant to a discovery request, subpoena, request for information, or otherwise.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "confidential information," that party must:

      (a)    promptly notify the designating Party in writing and include a copy of the subpoena or court order; and

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 7

(6)    EEOC may use any information designated confidential in furtherance of its enforcement activities in any other matter in which the Party designating such information as confidential has been named as a Party, but it must treat such information as confidential until such time as the confidential treatment expires under this Order or is withdrawn either by agreement of the Parties or by court order. This paragraph shall not be construed to waive a Party's right to argue that information it designated as confidential pursuant this Order is entitled to confidential treatment in any other matter in which that Party has been named as a party.

(7)    This Order is binding on all individuals to whom confidential information is disclosed under this Order, and all individuals who receive confidential information under this Order must agree to be bound by this Order. Counsel for each Party has the responsibility to disclose confidential information only to people authorized to receive confidential material under this Order, to disclose the terms of this Order to people who receive confidential information under this Order, to obtain their agreement to be bound by the terms of this Order, and to notify them that anyone who violates the provisions of this Order is subject to the contempt powers of this Court.

(8)    The Parties will comply with Federal Rule of Civil Procedure 5.2 and the Court's local and individual rules governing privacy protections for filings made with the Court. This Order does not alter the provisions of Federal Rule of Civil Procedure 5.2. If a Party seeks to file with the Court any information that has been designated as confidential under this Order that is not subject to redaction

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 8

under Federal Rule of Civil Procedure 5.2, it will give the other Parties reasonable notice of its intention to file the information with the Court to enable a Party to seek a protective order. A Party seeking to file a document containing information that has been designated as confidential under this Order may file the document without providing notice of its intention to file the document if the Party redacts the confidential information from the document being filed.

(9)    Within 90 days after the termination of this action, including all appeals, each receiving Party must return all confidential material to the producing party, including all copies and extracts thereof. Alternatively, the Parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The EEOC is further authorized to retain confidential information to the extent required by law (including without limitation the Federal Records Act and regulations issued by the National Archives and Records Administration, 44 U.S.C. Chapter 33), provided that any such confidential information remains subject to protection under this agreement.

(10)    This Order is subject to modification at any time by written agreement of the Parties or upon Court Order. Any person may seek an Order to modify or vacate this Order.

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 9

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to the parties.

DATED August 24, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE
