Case 1:21-cv-03125-MKD    ECF No. 46    filed 12/05/22    PageID.319    Page 1 of 6

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 05, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> and <br><br> KRISTIAN GONZALEZ, <br><br> Intervenor-Plaintiff, <br><br> v. <br><br> CHIEF ORCHARDS ADMINISTRATIVE SERVICES, INC., <br><br> Defendant. | No. 1:21-cv-03125-MKD <br><br> PROTECTIVE ORDER <br><br> **ECF No. 45** |

Before the Court is the Parties' Stipulated Motion for Protective Order, ECF No. 45. This Court finds good cause, under Federal Rule of Civil Procedure 26(c), to issue an order to protect certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or

PROTECTIVE ORDER - 1

undue burden or expense.

**IT IS ORDERED:**

1. The Parties' Stipulated Motion for Protective Order, **ECF No. 45**, is

    **GRANTED.**

PROTECTIVE ORDER - 2

# PROTECTIVE ORDER

(1) Plaintiff EEOC has requested the disclosure of certain confidential information and documents (in accordance with Federal Rule of Evidence 408) that would likely be of assistance to the settlement process, and in particular to allow Plaintiff EEOC to determine the nature and extent of injunctive relief that it will require as a condition to entering into a consent decree by which the Parties would settle all claims in this matter.

(2) Defendant has agreed to disclose to Plaintiffs EEOC and Gonzalez certain CONFIDENTIAL INFORMATION, to include documents and information, subject to the terms of this Order and conditioned upon the Parties' agreement that the documents are to be kept confidential, and not disclosed by any Party, and that CONFIDENTIAL INFORMATION may only be used for purposes of the settlement process and, in particular, the settlement conference that was scheduled for November 30, 2022, and any subsequently scheduled settlement conference.

(3) For purposes of this Order, CONFIDENTIAL INFORMATION means:

    (a) A purchase and sale agreement, dated January 4, 2022, in which Warrior Orchards, LLC, E3 Orchards, LLC, Chief Ranch, LLC, and

Chief East, LLC, are sellers;

(b) An Orchard Farming Management Agreement, dated October 3, 2022, in which E3 MGMT, LLC is designated as "Manager;"

(c) All information contained in the above-referenced documents, including the identities of the Parties thereto, and the terms of the agreements; and

(d) Analyses and reports concerning information described in paragraph (3).

(4) To the extent that Plaintiff EEOC requests additional documents related to the sale of the assets of Warrior Orchards, LLC, E3 Orchards, LLC, Chief Ranch, LLC, and Chief East, LLC, or the cessation of business activities of Chief Orchards Administrative Services, Inc. or E3 MGMT, LLC, Defendant may produce those documents subject to the protection of this Order by indicating that the documents are afforded the protection of this Order at the time of disclosure.

(5) The Parties agree that Defendant may redact all dollar amounts from the documents produced by Defendant subject to this Stipulated Order, at the request of Plaintiff EEOC for the purposes stated herein.

(6) The documents being exchanged under the protection of this Stipulated Order are for the purposes of facilitating settlement only; however, Plaintiff EEOC does not waive its right to seek the same or related documents

PROTECTIVE ORDER - 4

through discovery if this case does not settle.

(7) The Parties agree that information and documents produced by Defendant subject to this Stipulated Order, at the request of Plaintiff EEOC for the purposes stated herein, are also considered confidential information under 5 U.S.C. § 552(b)(4).

(8) Absent consent from Defendant, Plaintiffs EEOC and Gonzalez must return all CONFIDENTIAL INFORMATION produced pursuant to this Stipulated Order, for the purposes herein, including all copies, extracts and summaries thereof, to Defendant, upon the earlier of: entry of a consent decree or Senior District Judge Rosanna Malouf Peterson determining that settlement efforts have been unsuccessful. Alternatively, the Parties may agree upon appropriate methods of destruction of the CONFIDENTIAL INFORMATION. Notwithstanding this provision, Counsel are entitled to retain archival copies where necessary, including, in the case of Plaintiff EEOC, as required in accordance with the National Archives and Records Administration (NARA) statutes and regulations. Any such archival copies that contain or constitute CONFIDENTIAL

PROTECTIVE ORDER - 5

INFORMATION remain subject to this Protective Order.

(9) This Order is subject to modification only by written agreement of the Parties or upon Court Order. Any Party may seek an Order to modify or vacate this Order upon a showing of good cause.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to the parties.

DATED December 5, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE