FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | No. 1:21-cv-03125-MKD |
| Plaintiff, | ORDER GRANTING CONSTRUED MOTION FOR STIPULATED CONSENT DECREE; AND CONSENT DECREE |
| and | |
| KRISTIAN GONZALEZ, | **ECF No. 47** |
| Intervenor-Plaintiff, | |
| v. | |
| CHIEF ORCHARDS ADMINISTRATIVE SERVICES, INC., | |
| Defendant. | |

Before the Court is the Parties' Proposed Consent Decree, ECF No. 47, which the Court construes as a stipulated motion for a consent decree. The Court has reviewed the stipulated motion and the record and is fully informed. The Court approves the proposed consent decree.

## BACKGROUND

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this lawsuit on September 28, 2021 pursuant to Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, Pub. L. 102-166.  The EEOC alleged that Defendant Chief Orchards Administrative Services, Inc. ("Chief Orchards") engaged in unlawful employment practices by subjecting Kristian Gonzalez ("Gonzalez") to a hostile work environment based on her sex and causing her constructive discharge, in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  The EEOC sought monetary and non-monetary relief.  *See* ECF No. 1.  Chief Orchards answered the lawsuit on November 24, 2021 and denied violating Title VII.  *See* ECF No. 16.

The EEOC and Chief Orchards want to conclude fully and finally the EEOC's claims against Chief Orchards arising out of the EEOC's Complaint.  The EEOC and Chief Orchards seek to enter into a Consent Decree to further the objectives of equal employment opportunity in Title VII.

In order to fully and finally conclude the EEOC's claims, the EEOC and Chief Orchards agree that injunctive relief is appropriate.  However, Chief Orchards has notified the EEOC that it does not expect to be an employer within the meaning of Title VII during the 2023 growing season and thereafter.  Therefore, Chief Orchards' owners, Ernest Edwards and Brian Edwards, have voluntarily participated in the resolution of this matter and agree to be bound by

1  the terms of this Consent Decree to ensure that it furthers the objectives of equal

2  employment opportunity in Title VII.

3  **LEGAL STANDARD**

4  It "is within the sound discretion of the [C]ourt" to approve a proposed

5  consent decree. *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 834 F.

6  Supp. 2d 1004, 1008 (D. Haw. 2011), *aff'd*, 672 F.3d 1160 (9th Cir. 2012) (citing

7  *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990); *SEC v. Randolph*, 736

8  F.2d 525, 529 (9th Cir. 1984)).  The Court should enter a proposed consent decree

9  so long as it "comes within the general scope of the case made by the pleadings,

10 furthers the objectives upon which the law is based, and does not violate the statute

11 upon which the complaint was based," *Hawaii's Thousand Friends, Life of Land,*

12 *Inc. v. Honolulu*, 149 F.R.D. 614, 616 (D. Haw. 1993) (quoting *Sierra Club v.*

13 *Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990)), and "the [C]ourt

14 . . . determines that '[the consent decree] is fair, reasonable and equitable and does

15 not violate the law or public policy.'" *Turtle Island Restoration Network*, 834 F.

16 Supp. 2d at 1008 (quoting *Sierra Club*, 909 F.2d at 1355).

17 The Court must generally refrain from "rubber stamp[ing its] approval."

18 *United States v. Montrose Chem. Corp. of Cal.*, 50 F.3d 741, 747 (9th Cir. 1995);

19 *see also Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S.

20 501, 525 ("[A] federal court is more than a recorder of contracts from whom

parties can purchase injunctions; it is an organ of government constituted to make judicial decisions." (citations and quotations omitted)). Indeed, the Court "must independently scrutinize [the consent decree's] terms." *Turtle Island Restoration Network*, 834 F. Supp. 2d at 1009. "However, where as here, 'a government agency charged with protecting the public interest has pulled the laboring oar in constructing the proposed settlement, more deference to the parties' agreement is due.'" *Id*. (quoting *Montrose Chem. Corp*., 50 F.3d at 746 (internal quotations omitted)).

**FINDINGS**

The Court has reviewed the stipulated motion and the record and is fully informed. The Court finds that the proposed consent decree comes within the general scope of the case made by the pleadings. The Court also finds that the consent decree furthers the objectives upon which Title VII and Title I of the Civil Rights Act of 1991 are based, and the consent decree does not violate these statutes or public policy. The Court further finds that the consent decree is fair, reasonable, and equitable. Therefore, the Court approves the proposed consent decree.

Accordingly, **IT IS ORDERED:**

**1.** The Parties' Construed Motion for Stipulated Consent Decree, **ECF No. 47**, is **GRANTED**.

**2.** Any pending motions are **DENIED as moot**.

ORDER GRANTING CONSTRUED MOTION FOR STIPULATED CONSENT DECREE; AND CONSENT DECREE - 4

1    **3.**  All hearings and other deadlines are **STRICKEN**.

ORDER GRANTING CONSTRUED MOTION FOR STIPULATED CONSENT
DECREE; AND CONSENT DECREE - 5

# CONSENT DECREE

I.    <u>INTRODUCTION</u>

1.    Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this lawsuit on September 28, 2021 pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, Pub. L. 102-166.  The EEOC alleged that Defendant Chief Orchards Administrative Services, Inc. ("Chief Orchards") engaged in unlawful employment practices by subjecting Kristian Gonzalez ("Gonzalez") to a hostile work environment based on her sex (female) and causing her constructive discharge, in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  The EEOC sought monetary and non-monetary relief.  ECF No. 1.  Chief Orchards answered the lawsuit on November 24, 2021 and denied violating Title VII.  ECF No. 16.

2.    The EEOC and Chief Orchards want to conclude fully and finally the EEOC's claims against Chief Orchards arising out of the EEOC's Complaint.  The EEOC and Chief Orchards enter into this Consent Decree to further the objectives of equal employment opportunity in Title VII.

3.    In order to fully and finally conclude the EEOC's claims, the EEOC and Chief Orchards agree that injunctive relief is appropriate.  However, Chief Orchards has notified the EEOC that it does not expect to be an employer within

the meaning of Title VII during the 2023 growing season and thereafter.

Therefore, Chief Orchards' owners, Ernest Edwards and Brian Edwards, have

voluntarily participated in the resolution of this matter and agree to and shall be

bound by the terms of this Consent Decree to ensure that it furthers the objectives

of equal employment opportunity in Title VII.

4.  This Consent Decree is not an adjudication or finding on the merits of this

case and shall not be construed as an admission by Chief Orchards of a violation of

Title VII, or any federal or state law.

II.    <u>JURISDICTION AND VENUE</u>

5.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections

706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3); and Section 102 of

the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

6.  The employment practices alleged to be unlawful were allegedly committed

within the jurisdiction of the United States District Court for the Eastern District of

Washington.

7.  Ernest Edwards consents to the jurisdiction of this Court for the purpose of

enforcing his obligations under this Consent Decree, including but not limited to

his personal guaranty, attached hereto as Exhibit A.

ORDER GRANTING CONSTRUED MOTION FOR STIPULATED CONSENT
DECREE; AND CONSENT DECREE - 7

8.  Brian Edwards consents to the jurisdiction of this Court for the purpose of enforcing his obligations under this Consent Decree, including but not limited to his personal guaranty, attached hereto as Exhibit B.

III.    SETTLEMENT SCOPE

9.  This Consent Decree is the final and complete resolution of all claims set forth in the EEOC's Complaint and any claims by Chief Orchards against the EEOC, including for costs and/or attorney's fees.

10.  No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the EEOC and Chief Orchards, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

11. This Consent Decree applies to Chief Orchards, and its successors and assigns, including any purchaser of all or a portion of its assets during the term of the Consent Decree.

12.  This Consent Decree is binding on any individual, entity and/or successor upon acquisition of any ownership interest in any component of Chief Orchards' operations.  Any purchase-sale agreement of Chief Orchards' business or assets, in whole or in part, assumption of control agreement, or similar agreement that Chief

Orchards enters into with any successor shall contain an assumption of liabilities clause requiring compliance with the terms of this Consent Decree.

13.  During the duration of this Consent Decree, Chief Orchards will provide prior written notice to any potential or actual purchaser of its business(es), or a purchaser of all or a portion of Chief Orchards' assets, and to any other potential successor, of the EEOC's Complaint, the allegations raised in the EEOC's Complaint, and the existence and contents of this Consent Decree.

14.  Chief Orchards shall provide written notice to the EEOC within fourteen (14) days after the purchase-sale date of Chief Orchards' business, the purchase-sale date of all or a portion of Chief Orchards' assets, or the execution date of an agreement providing for a third party to assume control over the operation or management of Chief Orchards' business in whole or in part.  Within twenty-eight (28) days of such purchase-sale or agreement, Chief Orchards shall provide the EEOC all documentation supporting the purchase-sale agreement or assumption of control.  The EEOC shall determine whether any business entity constitutes a legally bound successor ("successor entity") for purposes of Consent Decree compliance.  The EEOC shall notify Chief Orchards of its determination as to successor entity status within fourteen (14) days of receipt of documentation supporting the purchase-sale agreement or assumption of control.

15.  Chief Orchards shall provide written notice to the EEOC at least fourteen (14) days prior to commencing dissolution or bankruptcy proceedings or, if such amount of notice is not practicable, with as much advance notice is practicable. Chief Orchards shall provide the EEOC documentation confirming and demonstrating the commencement of dissolution or bankruptcy proceedings.

16.  Ernest Edwards and Brian Edwards shall provide written notice to the EEOC within fourteen (14) day of Chief Orchards, or a business in which Ernest Edwards, Brian Edwards, or Ernest Edwards and Brian Edwards combined own a fifty percent (50%) share or greater, hiring any employees to farm, manage, supervise or provide any other necessary or appropriate services for the farming of orchards within the Eastern District of Washington between December 1, 2022 and expiration of this Consent Decree.

IV.    <u>MONETARY RELIEF</u>

17.  In settlement of the EEOC's claims, Chief Orchards shall pay a total gross amount of One Hundred Twenty-Seven Thousand, Five Hundred Dollars ($127,500.00) within fourteen (14) days of the date of entry of this Consent Decree by delivering via a reliable and verifiable method of delivery to an address that the EEOC will provide to Chief Orchards the following:

a. A payment to Gonzalez in the gross amount of Nine Hundred and Fifty Dollars ($950.00) for back pay, less applicable payroll withholdings and taxes; and

b. A payment to Gonzalez in the amount of One Hundred Twenty-Six Thousand, Five Hundred and Fifty Dollars ($126,550.00) for compensatory damages.

18. Chief Orchards shall provide to the EEOC copies of documents reflecting the payments described in paragraphs 17(a) and 17(b) and delivery thereof to Gonzalez within seven (7) days of payment, including but not limited to copies of the checks and a copy of the withholding statement.

19. Chief Orchards will not condition the monetary relief set forth in Paragraph 17 on Gonzalez's agreement: (a) to maintain as confidential the facts and/or allegations underlying her claim and the Complaint and the terms of this Decree; (b) to waive her statutory right to file a charge with any governmental agency; (c) to refrain from reapplying for a job with Chief Orchards; or (d) to a non-disparagement and/or confidentiality agreement.

20. Chief Orchards acknowledges that the monetary relief to be paid herein constitutes a debt owed and collectible by the United States.

21. Ernest Edwards, Defendant's co-owner, hereby grants his personal guaranty of the payments set forth in Paragraph 17, in the form attached as Exhibit

ORDER GRANTING CONSTRUED MOTION FOR STIPULATED CONSENT DECREE; AND CONSENT DECREE - 11

A to this Consent Decree, to be paid by him from his personal assets in the event either of the payments are not made timely by Chief Orchards.

22.  Brian Edwards, Defendant's co-owner, hereby grants his personal guaranty of the payments set forth in Paragraph 17, in the form attached as Exhibit B to this Consent Decree, to be paid by him from his personal assets in the event either of the payments are not made timely by Chief Orchards.

V.    INJUNCTIVE AND OTHER RELIEF

    A.    General Provisions

23.  Chief Orchards, its owners, officers, agents, forepersons, managers, supervisors, and their successors and assigns, including any operators or purchasers of Chief Orchards, are permanently enjoined from engaging in practices that discriminate against or subject any employee to a hostile work environment based on sex as prohibited by Title VII or that retaliate against or subject any employee to a hostile work environment based on their opposition to such practices.  In recognition of these obligations, Chief Orchards will implement the specific injunctive relief set forth below.

24.  Chief Orchards shall notify all parent and subsidiary entities, as well as any entities with which its operations are interrelated, with which it shares common management, which has or shares authority over labor relations and/or human

resources; and/or which shares ownership or financial control, of Chief Orchards' obligations under this Consent Decree.

25.  Chief Orchards shall notify all Chief Orchards' clients at whose facilities Chief Orchards' employees work of Chief Orchards' obligations under this Consent Decree.

26.  Ernest Edwards and Brian Edwards, and any business in which Ernest Edwards, Brian Edwards, or Ernest Edwards and Brian Edwards combined own a fifty percent (50%) share or greater and which employs workers to farm, manage, supervise or provide any other necessary or appropriate services for the farming of orchards within the Eastern District of Washington during the Term of this Consent Decree are permanently enjoined from engaging in practices that discriminate against or subject any employee to a hostile work environment based on sex as prohibited by Title VII or that retaliate against or subject any employee to a hostile work environment based on their opposition such practices.  In recognition of these obligations, Ernest Edwards and Brian Edwards will implement the specific injunctive relief set forth below at any such business of which they own, or either of them owns, a fifty percent (50%) share or greater, during the Term of this Consent Decree.

B.    <u>Anti-Discrimination Policies and Procedures</u>

27.  Within sixty (60) days of the entry of this Consent Decree, Chief Orchards shall create written policies and procedures that apply to all employees, including supervisors, managers, and forepersons, and its owners, and which: (a) prohibit discrimination based on sex, including sexual harassment and hostile work environment; (b) prohibit retaliation for complaining about discrimination based on sex, including sexual harassment and hostile work environment; (c) establish that an employee has the right to make a complaint concerning discrimination based on sex, including sexual harassment and hostile work environment, internally, to their supervisor, any manager or foreperson, or any owner, to the Title VII Specialist or Spanish-Speaking Point of Contact (defined in Paragraphs 35–51 below), and/or to the relevant government agencies and to not be retaliated against for making such a complaint; (d) encourage employees to come forward if they believe they have experienced discrimination or retaliation; (e) state that employees may bring any such complaint directly to the EEOC in addition to, or instead of, complaining to Chief Orchards, and identify the EEOC's website address, telephone number, and email address; (f) establish that all Chief Orchards supervisors, managers, forepersons, owners, and individuals with human resources responsibilities must notify the Title VII Specialist about any discrimination based on sex, including sexual harassment and hostile work environment, or retaliation that they observe or

of which they become aware; (g) establish that Chief Orchards will not retaliate against an employee for engaging in activity protected by the Title VII, including making a complaint concerning discrimination based on sex, including sexual harassment and hostile work environment; and (h) describe the procedure by which an employee can make an internal complaint of discrimination based on sex, including sexual harassment and hostile work environment, or retaliation.

28.  The written procedure for complaints of discrimination required by Paragraph 27 shall, at a minimum, (a) provide the names, telephone numbers, addresses and email addresses for the Title VII Specialist and Spanish-Speaking Point of Contact; (b) provide at least one point of contact to whom an employee can make a complaint directly to Chief Orchards' owners, including name(s), telephone number(s), address(es) and email address(es) for the point(s) of contact; (c) provide multiple internal points of contact through which an employee can make a complaint, including names, telephone numbers, addresses and, if they have them, email addresses for the points of contact, at least one of whom does not have direct supervisory authority over the employee; (d) guarantee that complaints will be reviewed and decided by a decision-maker who was not involved in the alleged discrimination; (e) ensure that Chief Orchards will maintain the confidentiality of such complaints and that private information, including the identity of the complainant and any witnesses, will be disclosed only as necessary

and only to those people necessary to investigate the complaint; (f) provide methods for complaints to be made anonymously; (g) establish that investigation of the complaint will commence within three (3) days; (h) ensure that Chief Orchards will take prompt corrective action if the complaint is substantiated; and (i) guarantee that Chief Orchards will provide the complaining employee, unless anonymous, with an explanation of the outcome of the investigation, including any corrective action, within three (3) days of completion of the investigation; and (j) require any owner, foreperson, manager, supervisor, or individual with human resources responsibilities who receives a complaint as set forth in subparagraphs (b) or (c) during the term of this Consent Decree to transmit the complaint to the Title VII Specialist.

29. Chief Orchards' written policies and procedures shall also ensure that Chief Orchards will maintain documentation for at least one year of all such complaints, including documentation of the original complaint, documentation of the investigation; documentation of the findings of the investigation; and documentation of the corrective action taken, if any.

30. Chief Orchards' written policies and procedures complying with Paragraphs 27–29 shall be in both English and Spanish.

31. The policies and procedures required by Paragraphs 27–29 shall be provided to the EEOC by Chief Orchards for review and comment within seventy-

five (75) days of entry of this Consent Decree.  Within ninety (90) days of entry of this Consent Decree, the EEOC will advise Chief Orchards of its comments, if any. Chief Orchards will cooperate in good faith to revise the policies and procedures to address the EEOC's comments.

32.  Within one hundred and twenty (120) days of entry of this Consent Decree, Chief Orchards shall implement the policies and procedures required by Paragraphs 27–29, including but not limited to distribution of the written policies and procedures to all employees annually, making copies of the policies and procedures readily available to all employees from the Title VII Specialist and Spanish-Speaking Point of Contact, and making the Title VII Specialist and Spanish-Speaking Point of Contact available to explain the policies to employees. In the event that Chief Orchards has no employees when this obligation becomes due, its obligation to comply is suspended until thirty (30) days after Chief Orchards hires any employees to farm, manage, supervise or provide any other necessary or appropriate services for the farming of orchards within the Eastern District of Washington between December 1, 2022 and expiration of this Consent Decree.

33.  In the event that Chief Orchards modifies any policies or procedures affected by Paragraphs 27–29 during the term of this Consent Decree, Chief Orchards shall submit to the EEOC the proposed modifications no later than thirty

(30) days prior to implementation.  Within fourteen (14) days of receipt, the EEOC will advise Chief Orchards of its comments, if any.  Chief Orchards will cooperate in good faith to revise the policies and procedures to address the EEOC's comments.  Any changes to Chief Orchards' written policies and procedures shall be made to both the English and Spanish versions.

34.  In the event that Chief Orchards has no employees when an obligation under Paragraphs 27–32 becomes due, its obligation to comply is suspended until thirty (30) days after Chief Orchards hires any employees to farm, manage, supervise or provide any other necessary or appropriate services for the farming of orchards within the Eastern District of Washington between December 1, 2022 and expiration of this Consent Decree.

C.    Title VII Specialist and Spanish-Speaking Point of Contact

35.  Within thirty (30) days of the entry of this Consent Decree, Chief Orchards shall designate an owner, officer, agent or manager ("Title VII Specialist") to have the responsibility to receive and investigate independently and confidentially any and all complaints of discrimination based on sex, including sexual harassment and hostile work environment, and retaliation reported to Chief Orchards, its owners, or directly to the Title VII Specialist.  The Title VII Specialist shall be an owner or report directly to Chief Orchards' owners.

36.  Within sixty (60) days of her or his appointment, the Title VII Specialist shall attend eight (8) hours of in-person training in Title VII and investigating sex discrimination complaints.  Chief Orchards shall provide the EEOC with the identity of the trainer and copies of all training materials at least fourteen (14) days in advance of the in-person training.  The EEOC will advise Chief Orchards of its comments, if any, within seven (7) days thereafter.

37.  For the duration of this Consent Decree, the Title VII Specialist shall:

a.  Assist Chief Orchards to implement policies and procedures consistent with the requirements of this Consent Decree, and specifically with regard to compliance with Title VII;

b.  Maintain a dedicated phone number and email address for Chief Orchards employees to submit complaints of discrimination based on sex, including sexual harassment and hostile work environment, and retaliation;

c.  Receive and investigate independently and confidentially any and all complaints of discrimination based on sex, including sexual harassment and hostile work environment, and retaliation;

d.  Have access to Chief Orchards documents, employees and owners and facilities at which Chief Orchards employees work in the course of such investigations as the Title VII Specialist deems necessary or appropriate;

e.  Determine appropriate disciplinary or corrective action to resolve a complaint of discrimination or retaliation;

f.  Maintain detailed written records of all complaints of discrimination and retaliation, the investigation of such complaints, and the resolution of such complaints;

g.  Provide copies of such records to the EEOC within thirty (30) days after receipt of any complaint, within seven (7) days of completion of the investigation of a complaint, and upon request by the EEOC;

h.  Develop and provide training to all employees, including all supervisors, managers, and forepersons, all owners, and any individual with human resources responsibilities consistent with the requirements of this Consent Decree, and specifically with regard to compliance with Title VII; and

i.  Contact the EEOC directly if concerns arise regarding Chief Orchards' compliance with this Consent Decree.

38.  Prior to designation of the Title VII Specialist, Chief Orchards shall provide the EEOC with the proposed Title VII Specialist's name, title(s) and positions(s), address, telephone number, and email address.  The EEOC shall have fourteen (14) days from the date of receipt of this information to advise Chief

Orchards of its comments, if any.  Chief Orchards will cooperate in good faith to address the EEOC's comments.

39.  Chief Orchards shall have a designated Title VII Specialist at all times during the term of the Consent Decree.  In the event that the Title VII Specialist can no longer serve, Chief Orchards shall have fourteen (14) days from the date of notice that the Title VII Specialist will be unavailable to continue their duties to notify the EEOC.  Chief Orchards and the EEOC shall then follow the same process set forth in Paragraph 38 to identify a replacement Title VII Specialist.

40.  For the duration of this Consent Decree, Chief Orchards shall notify the Title VII Specialist of all complaints of discrimination based on sex, including sexual harassment and hostile work environment, and retaliation, and shall transmit to the Title VII Specialist all documentation of any such complaint it receives as soon as practicable and, in any event, no later than the close of the next business day after receipt of the complaint.

41.  For the duration of this Consent Decree, if Chief Orchards' owners, any foreperson, any manager, any supervisor, and any individual with human resources responsibilities observes discrimination based on sex, including sexual harassment and hostile work environment, or retaliation, or becomes aware of such conduct, they shall notify the Title VII Specialist as soon as practicable and, in any event, no

later than the close of the next business day after learning of the discriminatory or retaliatory conduct.

42. Chief Orchards shall fully cooperate with the Title VII Specialist in connection with the Title VII Specialist's efforts to investigate complaints discrimination based on sex, including sexual harassment and hostile work environment, and retaliation, including providing access to employees, documents, facilities where its employees work, and any other sources of information the Title VII Specialist deems necessary and appropriate.

43. In the event the Title VII Specialist determines that any owner, manager, supervisor or employee of Chief Orchards has engaged in discrimination based on sex, including sexual harassment and hostile work environment, or retaliation, Chief Orchards shall take all necessary and appropriate disciplinary and/or corrective measures, as determined by the Title VII Specialist. If Chief Orchards determines that additional corrective measures beyond those determined by the Title VII Specialist are necessary and appropriate, Chief Orchards may take such additional corrective measures, but must at a minimum take the corrective measures determined by the Title VII Specialist, and may not take additional measures that retaliate against the complainant or might dissuade a reasonable person from complaining in the future.

44.  Within thirty (30) days of the entry of this Consent Decree, Chief Orchards shall designate an employee ("Spanish-Speaking Point of Contact") to have the responsibility to receive complaints of discrimination based on sex, including sexual harassment and hostile work environment, and retaliation from Chief Orchards employees and promptly report such complaints to the Title VII Specialist.  The Spanish-Speaking Point of Contact shall speak both Spanish and English.  The Spanish-Speaking Point of Contact must not have responsibility for direct supervision of checkers, pickers, and general laborers.  The Spanish-Speaking Point of Contact shall report directly to the Title VII Specialist.

45.  Within sixty (60) days of her or his appointment, the Spanish-Speaking Point of Contact shall attend eight (8) hours of in-person training in Title VII and investigating sex discrimination complaints.  Chief Orchards shall provide the EEOC with the identity of the trainer and copies of all training materials at least fourteen (14) days in advance of the in-person training.  The EEOC will advise Chief Orchards of its comments, if any, within seven (7) days thereafter.

46.  Prior to appointment of the Spanish-Speaking Point of Contact, Chief Orchards shall provide the EEOC with the proposed Spanish-Speaking Point of Contact's name, title(s) and position(s), address, telephone number, and email address.  The EEOC shall have fourteen (14) days from the date of receipt of this

information to advise Chief Orchards of its comments, if any.  Chief Orchards will cooperate in good faith to address the EEOC's comments.

47.  Chief Orchards shall provide spoken and written notification to the Spanish-Speaking Point of Contact of their obligation to receive complaints of discrimination based on sex, including sexual harassment and hostile work environment, and retaliation from Chief Orchards employees and promptly report such complaints to the Title VII Specialist, including a warning that failure to promptly report such complaints to the Title VII Specialist will result in disciplinary action up to and including termination.

48.  Chief Orchards shall have an employee appointed to the role of Spanish-Speaking Point of Contact at all times during the term of the Consent Decree that it has employees.  In the event that the Spanish-Speaking Point of Contact can no longer serve at a time when Chief Orchards has employees, Chief Orchards shall have fourteen (14) days from the date of notice that the Spanish-Speaking Point of Contact will be unavailable to continue their duties to notify the EEOC.  Chief Orchards and the EEOC shall then follow the same process set forth in Paragraph 44 to identify a replacement Spanish-Speaking Point of Contact.

49.  Within fourteen (14) days of designating the Title VII Specialist and Spanish-Speaking Point of Contact (or a replacement therefore), Chief Orchards shall provide all employees with the names, telephone numbers, addresses, and

email addresses of the Title VII Specialist and Spanish-Speaking Point of Contact, along with an explanation of their authority and responsibilities in both English and Spanish.  This explanation shall inform employees that they may complain directly to the Title VII Specialist, including to complain about the Spanish-Speaking Point of Contact.  When a Chief Orchards supervisor, manager, foreperson, owner, or individual with human resources responsibilities, other than the Title VII Specialist and Spanish-Speaking Point of Contact, receives a complaint of discrimination based on sex, including sexual harassment and hostile work environment, or retaliation, in addition to promptly notifying the Title VII Specialist, she or he shall provide the complainant (unless anonymous) the same information.  This does not obligate the complainant to make a second complaint to the Title VII Specialist and Spanish-Speaking Point of Contact.

50.  Chief Orchards shall be responsible for compensating the Title VII Specialist and Spanish-Speaking Point of Contact.

51.  In the event that Chief Orchards has no employees when an obligation under Paragraphs 44–49 becomes due, its obligation to comply is suspended until thirty (30) days after Chief Orchards hires any employees to farm, manage, supervise or provide any other necessary or appropriate services for the farming of orchards within the Eastern District of Washington between December 1, 2022 and expiration of this Consent Decree.

D.    Equal Employment Opportunity Training

52.  Within one hundred and fifty (150) days of entry of this Consent Decree and in February of each year thereafter, Chief Orchards shall provide four (4) hours of EEO training focused on discrimination based on sex, including sexual harassment and hostile work environment, and retaliation to the owners, all forepersons, all managers, all supervisors, and any individual with human resources responsibilities.  The training will inform each participant that they are responsible for knowing and complying with Title VII, Chief Orchards' policies and procedures, and this Consent Decree, and that failure to comply shall result in appropriate discipline up to and including termination.  The training shall also emphasize that they are required to prevent and correct any harassment, discrimination, or retaliation that they observe or of which they become aware, and that failure to take such action will result in disciplinary action.  The training shall also inform them that they are required to report any complaint harassment, discrimination, or retaliation to the Title VII Specialist, and that failure to do so will also result in disciplinary action  The training shall be in person and interactive, no less than four (4) hours, and offered in both English and Spanish.  In addition, Chief Orchards thereafter shall provide this training to employees newly

hired or promoted into these positions within thirty (30) days of the employee's hire or promotion.

53.  In June and September of each year following entry of this Consent Decree, Chief Orchards shall provide EEO training focused on discrimination based on sex, including sexual harassment and hostile work environment, and retaliation to all employees.  The training shall be in person and interactive, no less than two (2) hours, and offered in both English and Spanish.  The training shall include, at a minimum, (i) an overview of Title VII with special emphasis on sexual harassment, hostile work environment, and retaliation; and (ii) an overview of the policies and procedures required by Paragraphs 27–29; and (iii) information about the Title VII Specialist's and Spanish-Speaking Point of Contact's authority and responsibilities.  In addition, Chief Orchards shall provide substantially similar training to new employees within fourteen (14) days of hire.

54.  Chief Orchards shall provide the EEOC with copies of all training materials at least fourteen (14) days in advance of each in-person training.  The EEOC will advise Chief Orchards of its comments, if any, within seven (7) days thereafter. Chief Orchards will cooperate in good faith to address the EEOC's comments, if any.  Chief Orchards shall permit the EEOC to attend any training session required under the provisions of this Consent Decree.

55.  All costs of training shall be borne by Chief Orchards.

ORDER GRANTING CONSTRUED MOTION FOR STIPULATED CONSENT DECREE; AND CONSENT DECREE - 27

56.  In the event that Chief Orchards has no employees when an obligation under Paragraphs 52–54 becomes due, its obligation to comply is suspended until forty-five (45) days after Chief Orchards hires any employees to farm, manage, supervise or provide any other necessary or appropriate services for the farming of orchards within the Eastern District of Washington between December 1, 2022 and expiration of this Consent Decree.

E.    Anti-Retaliation

57.  Chief Orchards, Ernest Edwards, and Brian Edwards shall not retaliate against any current or former employee or applicant, including but not limited to Gonzalez, because she or he has in the past, or during the term of this Consent Decree: (a) filed a charge of discrimination alleging any practice made unlawful under Title VII; (b) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by or on behalf of Chief Orchards) or proceeding in connection with this lawsuit or relating to any claim of a Title VII violation; (c) was identified as a possible witness or claimant in this lawsuit; (d) asserted any rights under this Consent Decree; (e) sought and/or received any relief in accordance with this Consent Decree; or (f) is associated with an employee who has engaged in the activities set forth in this section.  Such prohibited retaliation includes, but is not limited to, making them ineligible for rehire, providing a reference stating that they are ineligible for rehire,

1  providing an otherwise negative reference, and/or disclosing or referring to such

2  charge of discrimination, participation, and/or role in this lawsuit in responding to

3  employment reference requests or other information requests from prospective

4  employers.

5      F.    Notice

6      58.  Within fourteen (14) days of the entry of this Consent Decree, Chief

7  Orchards will ensure all posters required to be displayed in the workplace by

8  EEOC Regulations, 29 C.F.R. § 1601.30, are posted at all facilities where Chief

9  Orchards employees work.

10     59.  Within fourteen (14) days of the entry of this Consent Decree, Chief

11 Orchards shall ensure that the Notice of this Consent Decree, attached hereto as

12 Exhibit C, is posted at all facilities where Chief Orchards employees work.  Chief

13 Orchards shall ensure that the Notice remains posted and maintained for the

14 duration of this Consent Decree.

15     60.  Chief Orchards shall ensure that the postings and Notice are not altered,

16 defaced or covered by any other material.

17     61.  In the event that Chief Orchards has no employees when an obligation

18 under Paragraphs 58–60 becomes due, its obligation to comply is suspended until

19 fourteen (14) days after Chief Orchards hires any employees to farm, manage,

20 supervise or provide any other necessary or appropriate services for the farming of

orchards within the Eastern District of Washington between December 1, 2022 and expiration of this Consent Decree.

VI.    RECORD KEEPING

62.  Chief Orchards shall maintain the following records for the entire duration of this Consent Decree:

a.  All documentation concerning all complaints of discrimination, including complaints related to sexual harassment, hostile work environment and retaliation, during the term of this Consent Decree, including but not limited to, documentation of the complaint, documentation of the investigation; documentation of the findings of the investigation; and documentation of the corrective action taken, if any;

b.  All documents sent to or received from the Title VII Specialist, including but not limited to, all correspondence, billing records, and memoranda.

63.  Chief Orchards shall provide copies of records maintained pursuant to this Consent Decree to the EEOC within fourteen (14) days of such a request.

VII.    REPORTING

64.  All notices, materials, and reports that are to be submitted to the EEOC under this Consent Decree shall be delivered to the EEOC by electronic mail to (1)

1  EEOC-SEFO_COMPLIANCE@eeoc.gov; and

2  (2) SEFO_CHIEFORCHARDS@eeoc.gov.

3    65.  Chief Orchards shall submit a report to the EEOC annually between

4  November 1 and November 30 each year. Each report shall contain:

5       a.  A certification, signed by all owners, that Chief Orchards either:

6         i.  Implemented its written EEO policies and procedures and

7  distributed copies of its EEO policy as required by Paragraphs 27–33;

8  Had individuals in the roles of Title VII Specialist and Spanish-

9  Speaking Point of Contact as required by 35–51; Provided the training

10  required by Paragraphs 52–56; Posted and maintained the Notice

11  required by Paragraphs 58–61; Maintained the records as required by

12  Paragraphs 62–63; and Complied with all other provisions of this

13  Consent Decree; or

14        ii.  Employed no one since December 1 of the previous year.

15       b.  Accompanying each certification under Paragraph 65(a)(i) above,

16  Chief Orchards shall submit copies of the following documents with each

17  annual report to the EEOC:

18        i.  A copy of Chief Orchards' current EEO policies and

19  procedures, as revised and implemented to comply with this Consent

20  Decree.

ORDER GRANTING CONSTRUED MOTION FOR STIPULATED CONSENT DECREE; AND CONSENT DECREE - 31

  ii. Attendance lists, including dates, names, and job positions of each attendee, for each of the EEO trainings conducted in accordance with this Consent Decree during the prior year.

  iii. A summary of all complaints of discrimination and/or retaliation received during the prior year, including for each complaint: the name of the employee; contact information for the employee; the date of the complaint; the dates of the investigation, the date of the determination, the nature of the complaint; the identity(ies) of the subject(s) of the complaint; whether the complaint was substantiated; the reason(s) the complaint was or was not substantiated; and the corrective action taken, if applicable.

66. During the pendency of this Consent Decree, Chief Orchards shall make available the Title VII Specialist, Spanish-Speaking Point of Contact, any owner, foreperson, manager, supervisor or other appropriate personnel for audits upon request by the EEOC to determine compliance with this Consent Decree.  The EEOC shall provide notice of audit subject matter not later than seven (7) days in advance but, at a minimum, the audit shall include whether Chief Orchards, the Title VII Specialist, or the Spanish-Speaking Point of Contact have received any complaints about harassment or retaliation.  Any requested audit will be conducted at a mutually agreeable time and place.

67.  During the pendency of this Consent Decree, Ernest Edwards and Brian Edwards shall submit a report to the EEOC annually between November 1 and November 30 each year.  Each report shall contain:

a.  A certification, signed by Ernest Edwards and Brian Edwards, that either:

i.  No business in which Ernest Edwards, Brian Edwards, or Ernest Edwards and Brian Edwards combined own a fifty percent (50%) share or greater, employed workers employees to farm, manage, supervise or provide any other necessary or appropriate services for the farming of orchards within the Eastern District of Washington since December 1 of the previous year.

ii.  If a business in which Ernest Edwards, Brian Edwards, or Ernest Edwards and Brian Edwards combined own a fifty percent (50%) share or greater, employed workers employees to farm, manage, supervise or provide any other necessary or appropriate services for the farming of orchards within the Eastern District of Washington since December 1 of the previous year, it: Implemented its written EEO policies and procedures and distributed copies of its EEO policy as required by Paragraphs 27–33; Had individuals in the roles of Title VII Specialist and Spanish-Speaking Point of Contact as

required by 35–51; Provided the training required by Paragraphs 52–

56; Posted and maintained the Notice required by Paragraphs 58–61;

Maintained the records as required by Paragraphs 62–63; and

Complied with all other provisions of this Consent Decree.

VIII.  ENFORCEMENT

68.  If the EEOC has reason to believe that Chief Orchards, Ernest Edwards, and/or Brian Edwards has not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach.  The EEOC shall not petition the Court for enforcement of this Consent Decree for at least thirty (30) days after providing written notification of the alleged breach.  The 30-day period following the written notice shall be used by the EEOC, Chief Orchards, Ernest Edwards, and Brian Edwards for good faith efforts to resolve the dispute, including but not limited to sharing of information and documentation upon reasonable request.

IX.    RETENTION OF JURISDICTION

69.  The United States District Court for the Eastern District of Washington shall retain jurisdiction over this matter for the duration of this Consent Decree.

X.    DURATION AND TERMINATION

70.  This Consent Decree shall be in effect for three (3) years from the date of entry of the Decree, except as provided for in Paragraphs 71–72.

71.  If neither Chief Orchards, nor any other business in which Ernest Edwards, Brian Edwards, or Ernest Edwards and Brian Edwards combined own a fifty percent (50%) share or greater, employs workers employees to farm, manage, supervise or provide any other necessary or appropriate services for the farming of orchards within the Eastern District of Washington between December 1, 2022 and December 1, 2024, the term of this Consent Decree shall expire two (2) years from the date of entry of this Consent Decree.

72.  If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds a violation of a term of this Consent Decree, the Court may extend the duration of this Consent Decree.

## EXHIBIT A

The undersigned, Ernest Edwards ("Guarantor"), a co-owner of Chief Orchards Administrative Services, Inc. ("Chief Orchards"), in consideration of the terms of the agreement between the Equal Employment Opportunity Commission ("EEOC") and Chief Orchards in the Consent Decree in resolution of *EEOC v. Chief Orchards Administrative Services, Inc.*, Case No. 1:21-CV-3125-MKD in the United States District Court for the Eastern District of Washington, does hereby unconditionally guarantee Chief Orchards' payment of relief as set forth in the Consent Decree, up to a maximum of One Hundred Twenty-Seven Thousand, Five Hundred Dollars ($127,500.00).

Guarantor acknowledges, represents, and warrants that Chief Orchards' agreement to the Consent Decree with Guarantor's guarantee of payment is in the best interest of Guarantor, and that the EEOC's agreement to the Consent Decree with the guaranty of payment by the Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to the Consent Decree without the agreement of Guarantor to execute this Guaranty.

In the event that Chief Orchards, for any reason whatsoever, including bankruptcy, reorganization, or dissolution, does not pay or cause to be paid all or part of any of the payments due under the Consent Decree, on the date such payment is due, and if such non-payment continues for fourteen (14) days (a "Default"), then, within seven (7) days after the EEOC provides written notice of Default, Guarantor agrees he will pay all amounts then due and owing under the Consent Decree (up to a maximum of $127,500.00), without further act or deed by any person or entity, and without further notice to or order of the Court. Any bankruptcy, reorganization or dissolution of Chief Orchards or any successor or assign shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty (up to a maximum of $127,500.00). Nothing herein shall obligate Guarantor to make any payment before such payment would otherwise be due and owing under the Consent Decree.

Guarantor also agrees that the EEOC is not required to first enforce against any other person or entity any liability, obligation, or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor; Guarantor acknowledges that this is a guarantee of payment.

Guarantor acknowledges and agrees than an action may be brought and maintained against Guarantor by the EEOC to enforce any liability, obligation, or duty guaranteed by this Guaranty without the necessity of joining Chief Orchards or any other person or entity in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by the EEOC in enforcing the Guaranty.

Guarantor hereby agrees to the jurisdiction of the United States District Court for the Eastern District of Washington under the Consent Decree for the limited purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

ORDER GRANTING CONSTRUED MOTION FOR STIPULATED CONSENT DECREE; AND CONSENT DECREE - 36

EXECUTED to be effective this 13th day of __December__, 2022.

**GUARANTOR:**

By signing this document, I declare under the penalty of perjury that I knowingly and voluntarily enter into this Guarantee.

NAME (printed): _Ernest Edwards_

SIGNATURE: _Ernest Edwards_

ADDRESS: _315 Berndt Bluff Rd_

_Yakima, WA 98908_

PHONE: _(509) 930-8324_

## EXHIBIT B

The undersigned, Brian Edwards ("Guarantor"), a co-owner of Chief Orchards Administrative Services, Inc. ("Chief Orchards"), in consideration of the terms of the agreement between the Equal Employment Opportunity Commission ("EEOC") and Chief Orchards in the Consent Decree in resolution of *EEOC v. Chief Orchards Administrative Services, Inc.*, Case No. 1:21-CV-3125-MKD in the United States District Court for the Eastern District of Washington, does hereby unconditionally guarantee Chief Orchards' payment of relief as set forth in the Consent Decree, up to a maximum of One Hundred Twenty-Seven Thousand, Five Hundred Dollars ($127,500.00).

Guarantor acknowledges, represents, and warrants that Chief Orchards' agreement to the Consent Decree with Guarantor's guarantee of payment is in the best interest of Guarantor, and that the EEOC's agreement to the Consent Decree with the guaranty of payment by the Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to the Consent Decree without the agreement of Guarantor to execute this Guaranty.

In the event that Chief Orchards, for any reason whatsoever, including bankruptcy, reorganization, or dissolution, does not pay or cause to be paid all or part of any of the payments due under the Consent Decree, on the date such payment is due, and if such non-payment continues for fourteen (14) days (a "Default"), then, within seven (7) days after the EEOC provides written notice of Default, Guarantor agrees he will pay all amounts then due and owing under the Consent Decree (up to a maximum of $127,500.00), without further act or deed by any person or entity, and without further notice to or order of the Court. Any bankruptcy, reorganization or dissolution of Chief Orchards or any successor or assign shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty (up to a maximum of $127,500.00). Nothing herein shall obligate Guarantor to make any payment before such payment would otherwise be due and owing under the Consent Decree.

Guarantor also agrees that the EEOC is not required to first enforce against any other person or entity any liability, obligation, or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor; Guarantor acknowledges that this is a guarantee of payment.

Guarantor acknowledges and agrees than an action may be brought and maintained against Guarantor by the EEOC to enforce any liability, obligation, or duty guaranteed by this Guaranty without the necessity of joining Chief Orchards or any other person or entity in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by the EEOC in enforcing the Guaranty.

Guarantor hereby agrees to the jurisdiction of the United States District Court for the Eastern District of Washington under the Consent Decree for the limited purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

ORDER GRANTING CONSTRUED MOTION FOR STIPULATED CONSENT DECREE; AND CONSENT DECREE - 38

EXECUTED to be effective this _14th_ day of _December_, 2022.

**GUARANTOR:**

By signing this document, I declare under the penalty of perjury that I knowingly and voluntarily enter into this Guarantee.

NAME (printed): _Brian Edward S_

SIGNATURE: _Brian Cook_

ADDRESS: _5806 Scenic Ridge Loop Yakima, wa_

PHONE: _(509) 930-8325_

ORDER GRANTING CONSTRUED MOTION FOR STIPULATED CONSENT
DECREE; AND CONSENT DECREE - 39

# Exhibit C
*Notice to Employees*



# NOTICE TO EMPLOYEES

This notice has been posted pursuant to the settlement of claims of sexual harassment alleged in the lawsuit *U.S. Equal Employment Opportunity Commission v. Chief Orchards Administrative Services, Inc.*, U.S. District Court for the Eastern District of Washington, Case Number 1:21-CV-3125-MKD. The settlement terms are contained in a document filed with the Court and available to the public called a "Consent Decree." This Official Notice is required by the terms of the settlement. In accordance with the Consent Decree, Chief Orchards will implement policies to ensure compliance with laws prohibiting sex discrimination, including sexual harassment, and retaliation; and appoint a Title VII Specialist to receive and investigate all complaints of sex discrimination and retaliation it receives for the next three (3) years.

Federal law prohibits an employer from discriminating against any individual based on sex with respect to hiring, promotion, demotion, terms and conditions of employment and/or termination and this includes a prohibition against sexual harassment and a hostile work environment. Federal law also prohibits an employer from discriminating because of age, race, color, religion, national origin, disability, and an individual's genetic information. It is also unlawful for an employer to retaliate against any individual because they complain of discrimination, cooperate with the investigation of a discrimination complaint, or participates as a witness or potential witness in a discrimination investigation or legal proceeding or otherwise exercises their rights under the law.

If you have any complaints of sex discrimination or retaliation you should contact the Title VII Specialist, _____ (*name, telephone number, address, and email address*), or Spanish-Speaking Point of Contact, _____
(*name, telephone number, address, and email address*).

Employees also have the right to bring complaints of discrimination to the U.S. Equal Employment Opportunity Commission. Washington is served by the EEOC's Seattle Field Office, which can be reached online at https://publicportal.eeoc.gov/, by phone at 206-576-3000 or 1-800-669-4000, or by mail at 909 1st Ave., #400, Seattle, WA 98104.

This Official Notice shall remain prominently posted through **December 2025**.
This Official Notice shall not be altered, defaced, covered or obstructed by any other material.



# AVISO A LOS EMPLEADOS

Se presenta este aviso basado en un acuerdo por la demanda de alegaciones de acoso sexual presentada por la Comisión para la Igualdad de Oportunidades en el Empleo de los EE. UU. (U.S. EEOC) en contra de Chief Orchard Services, Inc., en el Tribunal de Distrito de los EE.UU. para el Distrito Este de Washington, Caso No. 1:21-cv-03125-MKD. Los términos del acuerdo se encuentran disponibles para el público en un documento llamado decreto de consentimiento ("Consent Decree") el cual fue sometido ante el tribunal. Los términos del acuerdo requieren esta notificación oficial. Según el decreto de consentimiento, Chief Orchards implementará pólizas para asegurar el cumplimiento de leyes que prohíben el discrimen por sexo, incluyendo el acoso sexual y la represalia. Además, Chief Orchards asignará a un especialista en Título VII por los próximos tres (3) años para recibir e investigar toda queja de discrimen por sexo y represalia.

La ley federal prohíbe el discrimen por parte de un empleador en contra de cualquier individuo basado en sexo con respecto a contratación, promoción, democión, términos o condiciones de trabajo y/o despidos, e incluye una prohibición en contra del acoso sexual y un ambiente de trabajo hostil. La ley federal también prohíbe el discrimen por parte de un empleador basado en edad, raza, color, religión, origen nacional, discapacidad, o información genética de un individuo. Además, es ilegal la represalia por un empleador en contra de cualquier individuo por haberse quejado de discrimen, haber cooperado con una investigación de una queja de discrimen, haber participado como testigo o posible testigo en una queja de discrimen o procedimiento legal o por haber ejercido sus derechos bajo la ley de alguna otra manera.

Si tiene alguna queja de discrimen por sexo o represalia debe de comunicarse con el/la especialista en Título VII, _____
(*nombre, número de teléfono, dirección, y correo electrónico*). Para hablar en español comuníquese con
_____ (*nombre, número de teléfono, dirección, y correo electrónico*).

Los empleados también tienen el derecho de presentar quejas de discrimen con la Comisión para la Igualdad de Oportunidades en el Empleo de los EE. UU. (U.S. EEOC). La oficina de Seattle se encarga de quejas federales en el estado de Washington y puede ser contactada en línea a través de https://publicportal.eeoc.gov/, por teléfono al 206-576-3000 o 1-800-669-4000, o por correo en 909 1st Ave., #400, Seattle, WA 98104.

Este aviso oficial permanecerá fijado prominentemente hasta **diciembre de 2025**.
Este aviso oficial no deberá ser alterado, mutilado, cubierto, u obstruido por algún otro material.

1    **IT IS SO ORDERED**.  The District Court Executive is directed to file this

2    order and provide copies to the parties.

3    DATED January 13, 2023.

4

5    *s/Mary K. Dimke*
     MARY K. DIMKE
6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20